UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHNOTHON LANCE MORRISON,<br><br>    Plaintiff,<br><br>v.<br><br>JAY CHRISTENSEN; CAPTAIN MARTINEZ; and SGT. L. MILLER,<br><br>    Defendants. | Case No. 1:20-cv-00566-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Johnothon Lance Morrison's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.    Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or

malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"). On August 27, 2020, Plaintiff was transferred from Ada County custody to IDOC custody and taken to the Idaho State Correctional Institution ("ISCI"). Plaintiff informed two correctional officers, Defendants Martinez and Miller, that Plaintiff had been attacked at Ada County Jail and placed in protective custody there. *Compl.*, Dkt. 3, at 3-4. While Plaintiff was in state prison on previous charges, he had spent some time in IDOC

protective custody but had been released from protective custody in October 2019.

Plaintiff also told Martinez and Miller that he "could not be around general population inmates." *Id*. at 3. Miller said, "ok," and Martinez said, "We will get you taken care of." *Id*. at 3–4.

Plaintiff was then lined up and placed in "a room with general population inmates." *Id*. at 3. Plaintiff again told Miller that he had been in protective custody in Ada County. Miller again replied, "ok." *Id*. at 4. Miller then turned around, and Plaintiff "was attacked from behind." *Id*. Plaintiff sustained injuries to his eye and nose, as well as mental and emotional trauma. *Id*. at 3–4.

Plaintiff sues Martinez and Miller, alleging Eighth Amendment claims that Defendants failed to protect him from the attack. Plaintiff brings the same claim against Jay Christensen, the Warden of ISCI, asserting that "staff forced and compelled [Plaintiff] to be placed in a room with those who staff knew were going to assault me" and that Christensen "knew of this plan." *Id*. at 2. Plaintiff seeks monetary damages.

4. **Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

   A.   ***Section 1983 Claims***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting

under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to

the rights of others." *Id.* at 1205–09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

      i.      <u>Standards of Law Governing Plaintiff's Claims</u>

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, a plaintiff must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendant's actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment, and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

To rise to the level of an Eighth Amendment violation, the deprivation alleged must be objectively sufficiently harmful, *Farmer*, 511 U.S. at 834, or, in other words, sufficiently "grave" or "serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As the United States Supreme Court has explained:

> Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however. After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

*Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks, citation, and alteration omitted).

As this Court has previously stated, a "prison official's duty under the Eighth Amendment is to ensure reasonable safety, not absolute safety." *Martinez v. Field*, No. 1:17-CV-00337-DCN, 2020 WL 2576178, at *7 (D. Idaho May 21, 2020) (unpublished) (internal quotation marks omitted). "General fears about being harmed by a fellow inmate or a prison gang are not enough" to establish an Eighth Amendment violation:

> Inmates have no claim under the Eighth Amendment based on a general unsubstantiated fear of assault by a fellow inmate or by a specific group. Otherwise, courts would be flooded with prisoner litigation. Instead, to satisfy *Farmer*, the prisoner must present evidence of a particularized fear based upon prior threats or upon members of a specific group who have the motive and the ability to commit an assault themselves or through intermediaries.

*Id.* at *8; *see Savocchio v. Crabtree*, No. CV-97-1698-ST, 1999 WL 562692, at *5 (D. Or. July 12, 1999) (unpublished) (holding that inmate satisfied burden of showing sufficiently serious deprivation from fears of attack by gang members because petitioner "had long-standing problems with members of [the gang], including a bad drug deal[,] … a contract being placed on his life," and having been identified as a snitch).

With respect to the subjective prong of an Eighth Amendment claim, a defendant acts with deliberate indifference only if the defendant (1) was aware of the risk to the prisoner's health or safety, and (2) deliberately disregarded that risk. *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*,

290 F.3d at 1188. Moreover, even prison officials or medical providers who *did* know of a substantial risk to an inmate's health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations omitted).

Even an obvious, substantial danger of attack by another inmate does not result in liability if the official is not subjectively aware of it. However, a prison official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Farmer*, 511 U.S. at 843.

    ii.   <u>The Complaint Does Not State a Plausible § 1983 Claim</u>

Plaintiff's Complaint fails to state a claim for relief under § 1983. Plaintiff communicated only vague information to Martinez and Miller regarding Plaintiff's fears of unidentified general population inmates. Though Plaintiff need not show that he warned

prison staff specifically about the very prisoner who attacked him, Plaintiff must at least plausibly allege that Martinez and Miller were subjectively aware of a substantial risk to Plaintiff's safety.

Plaintiff told Miller that he had been placed in protective custody in Ada County because he had been attacked, but he did not say by whom. Plaintiff had previously been taken out of protective custody when he was in prison, indicating that Plaintiff's problems were limited to this recent encounter with an inmate in the Ada County Jail. Plaintiff did not communicate to either correctional officer any information about a risk of attack by any inmates *in the prison*. Thus, Plaintiff has not plausibly alleged that he had "a particularized fear based upon prior threats or upon members of a specific [inmate] group who [had] the motive and the ability to commit an assault themselves or through intermediaries." *Martinez*, 2020 WL 2576178, at *8.

Given Plaintiff's previous experience being removed from IDOC protective custody, it was reasonable for the correctional officers to believe that Plaintiff did not—in IDOC custody in August 2020—face a substantial risk of being attacked by unidentified "general population" inmates. Rather than actually knowing that Plaintiff faced a substantial risk of harm, the "obvious alternative explanation" is that Martinez and Miller subjectively believed any risk to Plaintiff's safety to be *in*substantial, given the limited information available to them at the time. *Iqbal*, 556 U.S. at 682.

Plaintiff's claims against Defendant Christensen are implausible for an additional reason. The Complaint does not plausibly allege a "sufficient causal connection" between the warden's conduct and Martinez and Miller's failure to immediately place Plaintiff in

protective custody. *Starr*, 652 F.3d at 1207.

Plaintiff's allegation that Christensen "knew" Plaintiff was at a substantial risk of harm is nothing more than a conclusory statement, which the Court is not required to accept as true for purposes of screening under §§ 1915 and 1915A. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Further, Plaintiff's allegations imply that the events described in the Complaint took place immediately or shortly after Plaintiff's transfer to ISCI, and within a tight time frame. A trier of fact could not reasonably infer that, during the short time Plaintiff was in the prison prior to the attack, the warden himself—who is responsible for over a thousand inmates—somehow became aware that Plaintiff faced a substantial risk of serious harm.

For these reasons, the Complaint does not state a claim upon which relief may be granted under § 1983.

### B. State Law Claims

In addition to § 1983 claims, Plaintiff asserts state law claims, though Plaintiff does not identify any such claims.[1] *See Compl*. at 1. Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, whatever those claims might be. *See* 28 U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a federal claim in an amended complaint,

---

[1] In any amended complaint, Plaintiff should identify which state law claims he intends to assert.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

5.      **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable

to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: March 19, 2021

David C. Nye
Chief U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).