UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHNOTHON LANCE MORRISON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAY CHRISTENSEN; CAPTAIN MARTINEZ; and SGT. L. MILLER,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-00566-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Johnothon Morrison is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *Initial Review Order*, Dkt. 7.

　　　　Plaintiff has now filed an Amended Complaint. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the Amended Complaint, the Court enters the following order allowing Plaintiff to proceed on some of the claims in the Amended Complaint.

**1.　　Screening Requirement**

　　　　As the Court explained in its Initial Review Order, the Court must dismiss a prisoner

or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

2. **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3. **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2

is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Plaintiff's allegations plausibly suggest that Defendants Martinez and Miller subjectively knew of a substantial risk of serious harm to Plaintiff posed by other inmates, given the information Plaintiff gave to them regarding his "green lit" status and his previous protective custody classifications. *See Farmer v. Brennan*, 511 U.S. 825, 833, 837 (1994); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Therefore, Plaintiff may proceed against these two Defendants on his Eighth Amendment failure-to-protect claims. Because the Amended Complaint also plausibly suggests that these Defendants acted negligently, Plaintiff may proceed against them on his negligence claims under Idaho state law.

However, the Amended Complaint does not state a plausible Eighth Amendment or negligence claim against Warden Christensen. Like the initial complaint, the allegations in the Amended Complaint similarly

> imply that the events described in the Complaint took place immediately or shortly after Plaintiff's transfer to ISCI, and within a tight time frame. A trier of fact could not reasonably infer that, during the short time Plaintiff was in the prison prior to the attack, the warden himself—who is responsible for over a thousand inmates—somehow became aware that Plaintiff faced a substantial risk of serious harm.

*Initial Review Order* at 10.

4.     **Request for Appointment of Counsel**

Plaintiff requests appointment of counsel. *Am. Compl.* at 11. Unlike criminal

defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's Amended Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Amended Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

A federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not

"authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono."). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment—especially in prisoner cases, where contact with the client is particularly difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if at all possible.

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful. Rather, it merely finds that some are plausible—meaning that they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Amended Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

## ORDER

IT IS ORDERED:

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 8) is GRANTED.

2. Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is DENIED.

3. Plaintiff may proceed on his Eighth Amendment failure-to-protect claims—as well as his related state law negligence claims—against Defendants Martinez and Miller. All other claims are DISMISSED, and Defendant Jay Christensen is TERMINATED as a party to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to further amend the complaint to assert such claims.

4. Defendants Martinez and Miller will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 9), a copy of this Order,

and a Waiver of Service of Summons to **Oscar Klaas, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706**, on behalf of Defendants Martinez and Miller.

5. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

6. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them may be dismissed without prejudice without further notice.

7. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

8. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9. Dispositive motions must be filed no later than 300 days after entry of this Order.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: July 19, 2021

_____
David C. Nye
Chief U.S. District Court Judge